CLERK, U.S. DISTRICT COURT

FEB - 8 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

Ricardo Barrera
PO Box 7980
Van Nuys, CA 91409

Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BARRERA, AN INDIVIDUAL<br><br>PLAINTIFF,<br><br>VS.<br><br>COMPASS CALIFORNIA, INC., A DELAWARE CORPORATION; JEFF BRANDOLINO, AN INDIVIDUAL; EDOARDO BEGHI, AN INDIVIDUAL; TBB VALLEY INVESTMENTS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; GREAT WESTERN CAPITAL, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; and Does 1 through 100, inclusive.<br>DEFENDANTS | Case No.: **2:21-CV-01142-FMO-JPRx**<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Protecting Tenants at Foreclosure Act;**<br>2. **Violation of the Economic Growth Regulatory Relief Consumer Protection Act;**<br>3. **Violation of 42 USC § 264 Federal Orders;**<br>4. **Violation of U.S. Consolidated Appropriations Act, 2021;**<br>5. **Violation of U.S. Cares Act;**<br>6. **Violation of California Civil Code Sec. 1159;**<br>7. **Trespass;**<br>8. **Violation of Civ. Code § 1927 - Breach of The Implied; Covenant of Quiet Enjoyment**<br>9. **Business & Professions Code § 17200 Et Seq.;**<br>10. **Negligence;**<br>11. **Negligent Infliction of Emotional Distress;**<br>12. **Intentional Infliction of Emotional Distress;**<br>13. **Violation of California Civil Code Sec. 52.1;**<br>14. **Conversion;**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

COMES NOW Plaintiff, RICARDO BARRERA, for his complaint alleges as follows:

## I. PARTIES

1. Plaintiff, Ricardo Barrera (Hereinafter referred to as "Plaintiff"), is a competent individual, whose place of residence is, 13217 Filmore Street, Pacoima, CA 91331.

2. Defendant, Compass California, Inc. (For all purposes hereinafter referred to as "COMPASS" or "Defendants" when reference is collectively made to all defendants") is a Delaware Corporation, who is a citizen of the States of Delaware and New York, who at all material times mentioned herein was a co-tortfeasor of all defendants, employed defendants, managed and controlled defendants and 13217 Filmore Street, Pacoima, CA 91331 (Hereinafter referred to as the "Property"), solicited investors for defendants and the purchase of the property, acted as an agent of the defendants and the property and are affiliated defendants.  COMPASS hired defendants and/or employees and agents and managed and controlled them at all times prior to March 4, 2020 and continuing thereafter.

3. Defendant, Jeff Brandolino, (For all purposes hereinafter referred to as "Brandolino" or "Defendants" when reference is collectively made to all

defendants") is an individual who has at all material times was an employee of defendants and/or owned, managed and controlled The Property from March 4, 2020.  Brandolino, hired defendants and/or employees and agents and managed and controlled them at all times prior to March 4, 2020 and continuing thereafter.

4.   Defendant, Edoardo Beghi, (For all purposes hereinafter referred to as "Edoardo" or "Defendants" when reference is collectively made to all defendants") is an individual who has at all material times was an employee of defendants and/or owned, managed and controlled The Property from March 4, 2020.  Edoardo, was and agent/employee of defendants, and managed and controlled their employees and property at all times prior to March 4, 2020 and continuing thereafter.

5.   Defendant, TBB Valley Investments, LLC, (For all purposes hereinafter referred to as "TBB" or "Defendants" when reference is collectively made to all defendants") is a limited liability company, organized under the laws of the State of California, who has at all material times owned, managed and controlled The Property from March 4, 2020. TBB hired defendants and/or employees and agents and managed and controlled them at all times prior to March 4, 2020 and continuing thereafter.

6. Defendant, Great Western Capital, LLC, (For all purposes hereinafter referred to as "Great Western" or "Defendants" when reference is collectively made to all defendants") is a limited liability company, organized under the laws of the State of California, who has at all material times managed and controlled the Property from March 4, 2020. Great Western hired defendants and/or employees and agents and managed and controlled them at all times prior to March 4, 2020 and continuing thereafter.

7. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendant and Does 1 through 100, inclusive, are unknown to Plaintiff at this time, and who therefore sues said Defendants by such fictitious names, Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately and legally caused the injuries and damages to Plaintiff as hereinafter alleged, Plaintiff will ask leave of court to amend this Complaint as applicable, to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

8. Upon information and believe at all times mentioned herein, Defendant and DOES were the agent, employee and representative of each other, and in

doing the things hereinafter alleged, was acting within the course and scope of such agency, service and representation, and directed, aided and abetted, authorized or ratified each and every act and conduct herein alleged.

## II. JURISDICTION

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. The Court has subject matter jurisdiction over matters authorized by the United States Constitution and Congress and pursuant to violations of various Acts of Congress including the U.S. Consolidated Appropriations Act, U.S. CARES Act and violations of 42 USC § 264.

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 because there is diversity of citizenship and an amount in controversy greater than $75,000.

## III. VENUE

11. Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. §§ 1391 because the events giving to this complaint happened in this district.

## IV. STATEMENT OF FACTS

12. Upon information and belief, at all times mentioned herein, Defendants were co-tortfeasors of each of the other Defendants in doing the things hereinafter alleged.

13. As set forth herein, Defendants committed acts with no regard for any Federal Laws which protect the tenant at foreclosure with regards to evictions and the ongoing and pervasive Novel Coronavirus Pandemic (covid-19), and those laws which codify the limitations on evictions of tenants.

14. U.S. Laws violated by the defendants include the *Protecting Tenants at Foreclosure Act, U.S. Consolidated Appropriations Act, 2021, U.S. Cares Act, Violation of Federal Orders made pursuant to 42 USC § 264, acts of congress, etc.*

15. Plaintiff was a tenant prior to the foreclosure and defendants' purported ownership interests and has at all times been in lawful possession of 13217 Filmore Street, Pacoima, CA 91331 (Hereinafter referred to as the "Property").

16. The Property has been the subject of a wrongful foreclosure which resulted in a Trustee Sale and Defendants recording a Trustee's Deed Upon Sale (Hereinafter referred to as "TDUS") on, March 4, 2020.

17. On or about, March 2, 2020, Defendants and their agents, members and/or managers broke into the property and seized the personal property of Plaintiff, and damaged said property.  Plaintiff called the police and the police made sure that Plaintiff was safe in her home.  Plaintiff's personal

property was not returned by the defendants. The police took a Burglary report due to a crime being committed against Plaintiff. To date, not one item that was taken by the defendants from the property has been returned to the Plaintiff.

18. Since, Plaintiff has taken a stand against defendants' unlawful conduct, defendants have retaliated by harassing, prejudicing, and committing unlawful willful and flagrant acts against Plaintiff in order to harm Plaintiff.

19. At no time has defendant afforded Plaintiff with any of their rights

20. **At no time has defendant afforded Plaintiff with their rights under the Protecting Tenants at Foreclosure Act, U.S. Consolidated Appropriations Act, 2021, U.S. Cares Act, Violation of Federal Orders made pursuant to 42 USC § 264, acts of congress, etc.**

21. At no time has defendant given Plaintiff a ninety (90) day notice which is minimum time prescribed to move from the property subject to foreclosure.

22. Due to the defendants' ongoing harassment, retaliatory conduct and commission of unlawful acts, Plaintiff has had to contact the police for assistance and other police reports have been filed.

23. In furtherance of Defendants harassment and retaliation against Plaintiff, Defendants have engaging in various violations of matters authorized by Congress, Federal Law and the Constitution as set forth in this complaint.

# COUNT 1

## (VIOLATION OF PROTECTING TENANTS AT FORECLOSURE ACT)

### (By Plaintiff Against All Defendants)

24. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

25. On or about, March 4, 2020, Defendants and their employees and agents became co-owners, investors, holders of ownership interests and/or employees and agents of one another and failed to provide tenants with proper notice requirements and procedures codified by the Protecting Tenants at Foreclosure Act (Hereinafter referred to as the "PTFA").

26. More Specifically, in an attempt to wrongfully evict Plaintiff as further set forth in this complaint, and deny Plaintiff the rights entitled to under the PTFA, defendants failed to give Plaintiff any notice as a tenant. Furthermore, defendants failed to provide even the minimal notice requirement involving a tenant and property at foreclosure.

27. Said minimal notice requirement is at least ninety (90) days and could be longer.

28. The PTFA was enacted to protect tenants from being displaced after a foreclosure, hence, the name of the act.

## COUNT 2

**(VIOLATION OF THE ECONOMIC GROWTH REGULATORY RELIEF CONSUMER PROTECTION ACT)**

**(By Plaintiff Against All Defendants)**

29. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

30. The Economic Growth Regulatory Relief Consumer Protection Act was signed into effect by the 45th President of the United States and became U.S. Federal Law on, May 24, 2018.

31. The Economic Growth Regulatory Relief Consumer Protection Act fully cites, incorporates, references and extends the PTFA.

32. Violation of the PTFA, coincidently acts as a violation of the **Economic Growth Regulatory Relief Consumer Protection Act.**

## COUNT 3

**(VIOLATION OF 42 USC § 264 FEDERAL ORDERS)**

**(By Plaintiff Against All Defendants)**

33. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

34. On or about, September 4, 2020, the U.S. Department of Health and Human Services and Centers for Disease Control Prevention made an Order,

entitled, "Temporary Halt in Residential Evictions To Prevent the Further Spread of Covid-19", with an effective date of September 4, 2020.

35. The Temporary Halt in Residential Evictions To Prevent the Further Spread of Covid-19 Order was made pursuant to various Federal laws and regulations, including, 42 USC § 264 (Hereinafter referred to as the "42 USC § 264 Order").

36. The, 42 USC § 264 Order, mandates that a landlord or owner who has a legal right to pursue eviction is not entitled to take eviction action against a tenant, lessee or resident of residential property.

37. Furthermore, the 42 USC § 264 Order, discusses the seriousness of the current Novel Coronavirus Covid-19 Pandemic, its effects on our country, that it is very quickly spreading and highly communicable and deadly.

38. Defendants have willfully and flagrantly violated the 42 USC § 264 Order and have taken action to evict Plaintiff against the 42 USC § 264 Order.

39. Defendants actions have and continue to threaten Plaintiff's health and life.

40. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property.

41. As a direct and proximate cause of Defendants' forcible entry, acts and/or omissions to act, in violation of the 42 USC § 264 Order, Plaintiff, suffered

and/or continues to suffer harassment, interferences with her ability to survive during the National Covid-19 Pandemic, mental stress, emotional distress, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

42. Defendants' acts are a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

## COUNT 4

## (VIOLATION OF THE UNITED STATES CONSOLIDATED APPROPRIATIONS ACT, 2021)

### (By Plaintiff Against All Defendants)

43. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

44. On or about, December 27, 2020, the U.S. Government by and through Congress and ultimately signed into effect by the President of the United States, Donald Trump, made and Act, entitled, "Consolidated Appropriations Act, 2021", with an effective date of, December 27, 2020. The Consolidated Appropriations Act, 2021, shall hereinafter be referred to as the "US CAA").

45. The, US CAA, mandates that a landlord or owner who has a legal right to pursue eviction is not entitled to take eviction action against a tenant, lessee or resident of residential property.

46. Furthermore, the US CAA, discusses the seriousness of the current Novel Coronavirus Covid-19 Pandemic, its effects on our country, that it is very quickly spreading and highly communicable and deadly.

47. Defendants have willfully and flagrantly violated the US CAA and have taken action to evict Plaintiff against the US CAA.  Defendants actions have and continue to threaten Plaintiff's health and life.

48. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property.

49. As a direct and proximate cause of Defendants' forcible entry, acts and/or omissions to act, in violation of the US CAA, Plaintiff, suffered and/or continues to suffer harassment, interferences with her ability to survive during the National Covid-19 Pandemic, mental stress, emotional distress, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

50. Defendants' acts are a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

## COUNT 5

### (VIOLATION OF U.S. CARES ACT)

### (By Plaintiff Against All Defendants)

51. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

52. On or about, March 27, 2020, the U.S. Government by and through Congress and ultimately signed into effect by the President of the United States, Donald Trump, made and Act, entitled, "Coronavirus Aid, Relief, and Economic Security Act", with an effective date of, March 27, 2020, 2020.  The Coronavirus Aid, Relief, and Economic Security Act, shall hereinafter be referred to as the "CARES Act").

53. The, CARES Act, mandates that a landlord or owner who has a legal right to pursue eviction is not entitled to take eviction action against a tenant, lessee or resident of residential property.

54. Furthermore, the CARES Act, discusses the seriousness of the current Novel Coronavirus Covid-19 Pandemic, its effects on our country, that it is very quickly spreading and highly communicable and deadly.

55. Defendants have willfully and flagrantly violated the CARES Act and have taken action to evict Plaintiff against the CARES Act.  Defendants actions have and continue to threaten Plaintiff's health and life.

56. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property.

57. As a direct and proximate cause of Defendants' forcible entry, acts and/or omissions to act, in violation of the CARES Act, Plaintiff, suffered and/or continues to suffer harassment, interferences with her ability to survive during the National Covid-19 Pandemic, inconvenience, mental stress, emotional distress, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

58. Defendants' acts are a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

# COUNT 6

## VIOLATION OF CAL. CODE CIV. P. § 1159 – FORCIBLE ENTRY

### (By Plaintiff Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

60. California Code of Civil Procedure § 1159 states that "[e]very person is guilty of forcible entry who either: 1. By breaking open doors, windows or other parts of a house, or by any other kind of violence or circumstance of terror enters upon or into any real property;…"

61. Defendants, their member, agents or employees, forcibly entered Plaintiff's residence, at various times and on or about, February 20, 2020 and March 2, 2020, without permission or consent.  Defendants and their members, agents or employees, engaged in the foregoing unlawful acts without being an owner of record in any capacity.

62. Prior to, and following Defendants having any ownership interest or claim to the same, Defendants forcibly entered the property in which Plaintiff was a party in possession of said property.

63. Furthermore, Defendants, engaged in the taking and carrying away of Plaintiff's personal property from the property which Plaintiff was in possession of.

64. As a direct and proximate cause of Defendants' forcible entry, acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property in the amount of Three Hundred and Eighty Thousand ($380,000).

65. As a direct and proximate cause of Defendants' forcible entry, acts and/or omissions to act, Plaintiff, suffered and/or continues to suffer inconvenience, illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

66. Defendants' actions were a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

67. Defendants' tortious acts were willful, malicious, and oppressive, amounting to despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to entitle Plaintiff to an award of punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000).

# COUNT 7

## TRESPASS

### (By Plaintiff Against All Defendants)

68. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

69. Defendants, their member, agents or employees, forcibly entered Plaintiff's residence, at various times and on or about, February 20, 2020 and March 2, 2020, without permission or consent and removed Plaintiff's personal belongings in order to lock Plaintiff out of the property. Defendants and their members, agents or employees, engaged in the foregoing unlawful acts without being an owner of record in any capacity.

70. As a direct and proximate cause of Defendants' forcible entry, acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property.

71. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, suffered and/or continues to suffer illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

72. Defendants' acts were a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

## COUNT 8

### (CIV. CODE § 1927 - BREACH OF THE IMPLIED COVENANT OF QUIET ENJOYMENT)

**(By Plaintiff Against All Defendants)**

73. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

74. The covenant of quiet enjoyment is codified in California Civil Code Section 1927.

75. Defendants have breached the implied covenant of quiet enjoyment as alleged herein, including, but not limited to:

a) Defendants harassed Plaintiff by contacting Plaintiff on her telephone and posing as a utility company seeking to enter Plaintiff's residence, to harm remove and lockout the Plaintiff.

b) Defendants harassed Plaintiff by filing frivolous unlawful detainer summary proceedings, which falsely alleged that Plaintiff was the prior

owner of the property and was foreclosed upon in an unfair and unreasonable attempt to have Plaintiff locked out of the property.

c) Defendants filed false affidavits and declarations in an end-run attempt to circumvent various Federal and State Orders with regards to evictions during the Novel Coronavirus (Covid-19) Pandemic and wrongfully proceed with unlawful detainer summary proceedings to harm Plaintiff.

d) Defendants violated orders of the CARES Act and Centers for Disease Control and Prevention with regards to Plaintiff's rights and evictions during the Covid-19 Pandemic.

e) Defendants engaged in a conspiracy and unlawful scheme to plot, plan and fabricate false notices and service of a summons and complaint upon Plaintiff and others, for the sole purpose of depriving Plaintiff of due process rights, which results in Plaintiff's default judgment, issuance of a writ of possession and lockout, without Plaintiff having been informed of the unlawful detainer proceedings frivolously filed by defendants and Plaintiff having a right to defend against the unlawful detainer action.

f) Defendants falsely alleged that Plaintiff was the prior owner of the property, and that Plaintiff was foreclosed upon in order to deprive Plaintiff of existing legal rights and relocation fees and expenses which Plaintiff is otherwise entitled to.  Defendants end-run unlawful conduct

was committed to evict and lockout the tenant under wrongful pretenses and violation of due process.

g) Defendants caused the unlawful detainer summary proceedings to be filed against deceased persons, nonexistent persons, and/or persons who were not in possession of the property and claimed that said persons were members of Plaintiff's household in a scheme and conspiracy to take the defaults of said deceased and nonexistent persons by way of it being impossible for said persons to file a response to the unlawful detainer, which results in Plaintiff being locked out of the property.

76. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property.

77. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, suffered and/or continues to suffer inconvenience, illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

78. Defendants' acts were a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to

Plaintiffs property in the amount of Three Hundred and Eighty Thousand ($380,000).

79. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained general, special and property damage.

80. Defendants' tortious acts were willful, malicious, and oppressive, amounting to despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to entitle Plaintiff to an award of punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000).

## COUNT 9

**(BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.)**

**(By Plaintiff Against All Defendants)**

81. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

82. Defendants, and each of them, engaged in unlawful and unfair business practices prohibited by California Business & Professions Code § 17200, et seq. by virtue of the foregoing acts and omissions.

83. The foregoing acts and omissions to acts set forth in this complaint, were and are the regular business practices of the Defendants in the manner that they conduct their business and at the property.

84. As a direct and proximate result of the acts herein mentioned and omissions, the Defendants have been unjustly enriched at the expense of Plaintiff, and Plaintiff is entitled to restitution in an amount to be proven at trial.

## COUNT 10

### (Negligence)

### (By Plaintiff Against All Defendants)

85. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

86. At all times in which Defendants were owners, operators and managers of The Property, the Defendants owed Plaintiff the duty to exercise reasonable care in the ownership, management and control of The Property.

87. These duties owed by Defendants to Plaintiff to exercise reasonable care include but are not limited to: the duty to refrain from interfering with Plaintiff's full use of and quiet enjoyment of the property; and the duty to comply with all applicable state and local laws governing Plaintiff's rights.

88. Defendants, by the conduct set forth in this complaint, so negligently and carelessly maintained, operated, and managed the property as to breach the duties that they owed to Plaintiff.

89. As a direct and proximate result of these breaches of duty by Defendants, Plaintiff has sustained general, special and property damage in amounts to be determined at trial.

90. Defendants' conduct was grossly negligent, warranting punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000).

## COUNT 11

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants)

91. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

92. As a direct and proximate result of Defendants conduct, Plaintiff has suffered and continues to suffer emotional distress.

93. Defendants' conduct was a substantial factor in causing Plaintiff's severe emotional distress.

94. Defendants' conduct was grossly negligent, warranting punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000).

# COUNT 12

## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

### (By Plaintiff Against All Defendants)

95. Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

96. Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

97. As a direct and proximate result of Defendants conduct, Plaintiff has suffered and continues to suffer emotional distress.

98. As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, suffered and/or continues to suffer illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness, frustration, discomfort, annoyance, fear, loss in value of the leasehold, and property damage in an amount to be determined according to proof.

99. Defendants' acts were a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to property.

100.    As a direct and proximate result of Defendants' conduct, Plaintiff has sustained general, special and property damage in the amount of Three Hundred and Eighty Thousand ($380,000);

## COUNT 13

### (VIOLATION OF CAL. CIV. CODE § 52.1)

### (By Plaintiff Against All Defendants)

101.    Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

102.    California Civil Code § 52.1 prohibits any person or persons from "interfere[ing] by threats, intimidation, or coercion or attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals … of the rights secured by the … laws of this state." Section 52.1(b) provides that "[a]ny individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under section 52" of the Civil Code.

103.    Defendants, by their conduct, interfered with Plaintiff's exercise and enjoyment of her statutory and common law rights, including the rights 'described herein, by threats, intimidation, or coercion.

104.    As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property in the amount of Three Hundred and Eighty Thousand ($380,000).

105.    As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff suffered and continues to suffer harm.

106.    Defendants' tortious acts were willful, malicious, and oppressive, amounting to despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to entitle Plaintiff to an award of punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000).

## COUNT 14

**(CONVERSION)**

**(By Plaintiff Against All Defendants)**

107.    Plaintiff re-alleges and incorporates by reference every allegation contained in the paragraphs of this Complaint as though set forth herein.

108.    Plaintiff owned the personal property, taken by Defendants from the property.

109.    Defendants substantially interfered with Plaintiff's personal property by willfully interfering with Plaintiff's personal property by taking Plaintiff's personal property from the property.  Defendants interfered with Plaintiff's rights to the personal property as a direct result of Defendants' actions.

110.    Defendants exercised dominion and control over Plaintiff's personal property.

111.    Plaintiff's personal property was never returned, and Plaintiff has been deprived of the personal property from the time that Defendant took Plaintiff's personal property and exercised dominion and control over said personal property.

112.    As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, has suffered loss of personal property and damage to Plaintiffs property.

113.    As a direct and proximate cause of Defendants' acts and/or omissions to act, Plaintiff, suffered and/or continues to suffer illness, physical injury, mental stress, emotional distress, shame, anxiety, depression, helplessness,

frustration, discomfort, annoyance, fear, and property damage in an amount to be determined according to proof.

114.     Defendants' negligence was a substantial factor in causing Plaintiff's serious emotional distress, financial damages, loss of property and damage to Plaintiffs property in the amount of Three Hundred and Eighty Thousand ($380,000).

115.     Defendants' tortious acts were willful, malicious, and oppressive, amounting to despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, so as to entitle Plaintiff to an award of punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following damages and relief:

(1) For general, special and property damage in the amount of Three Hundred and Eighty Thousand ($380,000);

(2) Punitive and exemplary damages in the amount of One Million Nine Hundred Thousand Dollars ($1,900,000);

(3)  Reasonable attorney fees;

(4)  Costs of suit;

(5) For such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: February 6, 2021

Ricardo Barrera
(Plaintiff)